[Crim. No. 1533. First Appellate District, Division One.—June 12, 1929.]

THE PEOPLE, Respondent, v. ANTONE MENDOZA, Appellant.

Jo Lawrence for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

THE COURT.—Defendant Antone Mendoza, together with Frank Barbosa, was charged by information with the violation of chapter 277, Statutes of 1927, page 497, in that on or about the fourteenth day of November, 1928, they were the owners of and had an interest in and operated a still designed and intended for use in the manufacture and production of intoxicating liquor for beverage purposes. The jury returned a verdict of guilty. This is an appeal on behalf of defendant Mendoza from the judgment of conviction.

The only point urged for reversal is that the verdict is contrary to the law and the evidence. There is no merit in the appeal. The evidence shows that on May 14, 1928, appellant, accompanied by his wife, drove up to a certain house situated in Alameda County, turned into an alleyway and then drove their car into a garage situated on the premises. A police officer had entered the house the previous evening and had remained there over night. But for the presence of a still, some manufactured whisky and a large amount of grain mash and a mattress, the house was vacant. After driving into the garage appellant entered the premises by means of a key and was confronted by the officer. Upon being questioned he stated that he was there for the purpose of purchasing some whisky. He later admitted that he was employed to operate the still. He was placed under arrest and on the way to the police station he stated to the officer that he desired to pay his fine and be through with the matter. He subsequently informed the police officers that Barbosa was the owner of the still and informed them where he could be found. There was evidence of the neighbors to show that both appellant and Barbosa had during a period of some five months constantly visited the premises. There was also evidence to show that appellant had paid half of the cost of the grain that was last used in the

manufacture of the whisky. Under these circumstances it cannot be said that the evidence is insufficient to support the verdict.

The judgment is affirmed.